### AUSTIN MACE *v.* COMMONWEALTH.

[Abstract Kentucky Lew Reporter, Vol. 5—695.]

**Criminal Conspiracy—Indictment.**

> An indictment is not competent evidence in a charge of criminal conspiracy, and its being read to the jury as evidence over the objection of defendant is reversible error.

**Self-defense—Instruction.**

> An instruction on self-defense is faulty where it does not allow the jury to determine the apparent danger as it appeared to the defendant, who had a right to act reasonably upon such appearances.

APPEAL FROM PERRY CIRCUIT COURT.

February 21, 1884.

OPINION BY JUDGE HARGIS:

A difficulty arose out of a game of cards between two men on Grape Vine Creek in Perry county. They assembled their followers and were about to engage in a bloody conflict on horseback with pistols, when the deceased, Callahan, and one Bowling appeared and

joined the "upper crowd" on the creek. Callahan declared his friend-
ship for that party and drew his pistol when one of them asked him
to put it up. He and Bowling were drinking. About that time the
defendant, Mace, was seen by several witnesses with his hands up,
at a point between the arrayed combatants begging for peace. Then
a pistol was fired by some of the "upper crowd," an order given to
charge and Callahan and Bowling, the former with his pistol in hand
and the latter armed, went rapidly by on their horses, and at the
lower crowd. When near it a man on each side of the road fired at
Callahan and he was shot, and died the following Monday.

The defendant, Mace, and several others were indicted and
charged with conspiracy and the murder of Callahan. On the trial,
after the arraignment of the defendant, Mace, his plea of not guilty
and the introduction of the greater part of the commonwealth's
evidence, the attorney for the commonwealth, for some reason which
he did not disclose, moved to allow him to read the indictment and
indorsements thereon to the jury. The court, against the objections
of the defendant, sustained the motion and they were read, as we
must conclude, for the purpose of adding the weight of the finding
of sixteen grand jurors on the subject of conspiracy, which the
evidence does not sustain. The indictment and the indorsement
were not competent evidence on that or any other subject in issue
before the jury. The arraignment had been waived, plea entered
and no intimation appears in the whole record that the indictment
had not been read or considered as read before the plea was entered.
They were therefore illegally read as evidence on the charges they
contained, and were calculated to impress the jury with some force
as the result of the sworn deliberations of the grand jury of their
county. The court also instructed the jury on the subject of con-
spiracy so as to make it really the most prominent feature in the
case, when as this record shows there was no conspiracy proved
except by the self-satisfaction of three of Callahan's friends, who
were strangers to the defendant, and who testified inconsistently
with each other that the defendant had informed them that morning
that he was going to "kill out Callahan and Bowling."

The great weight of the evidence introduced by the commonwealth
shows that the defendant was begging for peace and was not a con-
spirator. Whether he shot Callahan or not is a question about which
we express no opinion, as the evidence is conflicting and inexplicable

on any other hypothesis than that some of the witnesses on one side or the other have sworn falsely. This is a question for the jury under proper instructions to determine. Each instruction given on the subject of self-defense is faulty in not allowing the jury to determine the apparent danger as it appeared to the defendant, who had the right to act reasonably upon such appearances.

In the 3d instruction the term "necessarily apparent necessary self-defense" was used. This was misleading, for if the apparent necessity presented itself to the mind of defendant, acting as a reasonable man, he had the right to act upon such apparent necessity whether the appearances were necessary, real or illusory. He is bound to judge of appearances as a reasonable man would, and he acts upon them to this extent at his peril. If a reasonable man, acting in good faith, would not have for his own defense and safety ventured to do as the defendant did, the latter must be liable on the consequences of his misinterpretation of the appearances at the time Callahan was shot, if he shot him.

The fourth instruction leaves out of view altogether the question of self-defense, though the defendant might have changed his mind and attempted in good faith to withdraw from the conflict even if he had in some degree entered or been responsible for it. Under the circumstances he was entitled to have the law of self-defense expounded to the jury in every conceivable view of this case as seen in the light of the record before us.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellant a new trial upon principles not inconsistent with this opinion.

*John E. Cooper, for appellant.*

*P. W. Hardin, for appellee.*

